2012 VT 72

### In re Paul KIRBY

[58 A.3d 230]

No. 11-291

¶ 1. August 24, 2012. In 2006, Paul Kirby was charged with five counts of possessing child pornography after a search of his computer revealed five different video depictions of sexual conduct by a child or children. Evidence suggested that each video was downloaded independently and stored as a separate file on petitioner's computer. Petitioner pled guilty to three counts of possession in exchange for dismissal of the remaining two counts. Petitioner was sentenced to three concurrent prison terms of four to fifteen years.

¶ 2. In 2008, Kirby, pro se, filed a petition for post-conviction relief (PCR), and amended the petition with the assistance of counsel in 2009. The petition contained two claims: (1) that petitioner received ineffective assistance of counsel because his counsel failed to research, investigate, and inform him of the possibility of asserting a challenge to the multiple charges of possession that could have resulted in the five charges being reduced to one; and (2) because counsel failed to advise him on this legal theory prior to entering his plea agreement, petitioner's subsequent guilty pleas were not entered knowingly and voluntarily. Petitioner moved for summary judgment on the ineffective assistance of counsel claim. The State opposed petitioner's motion and cross-moved for summary judgment on both claims. The superior court granted the State's motion for summary judgment. Petitioner appeals. We affirm.

¶ 3. Attorney Elizabeth Hibbits represented petitioner on the possession of child pornography charges through his conviction and sentencing. Petitioner was charged under 13 V.S.A. § 2827(a), which states that "[n]o person shall, with knowledge of the character and content, possess any photograph, film or visual depiction, including any depiction which is stored electronically, of sexual conduct by a child or of a clearly lewd exhibition of a child's genitals or anus." The PCR petition asserted that, but for counsel's failure to advise him on or pursue a multiplicity challenge, petitioner's sentence would. have been at most five years, rather than four to fifteen. Accompanying this motion, petitioner submitted a statement of uncontested material facts and an affidavit of expert opinion from an experienced criminal defense attorney stating that petitioner had been denied effective assistance of counsel. The expert opined that petitioner's attorney should have researched and pursued the claim that the multiple child pornography counts violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because "[a]ll five counts in this case arose from a single alleged possession occurring on September 25, 2006 by Mr. Kirby on his computer in his residence in Essex." The affidavit acknowledged that "in 2007 this area of the law was in a state of development and uncertainty."* With its motion for summary judgment, the State submitted a statement of uncontested material facts

with an affidavit from Attorney Hibbits attesting that she researched the law and discussed the multiplicity defense with petitioner. Petitioner did not submit countervailing evidence disputing counsel's account.

¶ 4. The trial court granted the State's cross-motion and ruled against petitioner on both claims. Relying on Attorney Hibbits's uncontested assertion that she had "discussed and explored" whether the five videos could support five separate criminal counts with petitioner, and on petitioner's failure to file an opposition to the State's summary judgment motion, the court held that petitioner did not show that counsel failed to inform him of this possible defense or that he would have pled differently but for counsel's alleged failure. On appeal petitioner does not challenge the finding that Attorney Hibbits researched and discussed the law with him, but argues that counsel wrongly informed him that a multiplicity challenge was not a viable defense, and that he entered his guilty pleas based on this misunderstanding and, thus, his guilty pleas were not entered knowingly and voluntarily.

¶ 5. On an appeal of summary judgment, this Court applies a de novo standard of review. *In re Barrows*, 2007 VT 9, ¶ 5, 181 Vt. 283, 917 A.2d 490. Summary judgment is proper where there is no genuine issue of material facts and the movant is entitled to judgment as a matter of law. V.R.C.P. 56(a).

¶ 6. In the present case, there is no genuine issue of material fact. To the trial court, petitioner claimed that he "did not understand that there was (and is) an untested legal theory which had (has) the potential defense to cause all five counts to be subsumed within one. That legal theory was not even contemplated, let alone investigated, researched, and discussed with him." In light of the lower court's findings that counsel did in fact research and discuss with petitioner a

---

* The trial court did not consider the affidavit accompanying petitioner's motion for summary judgment because it failed to comply with Vermont Rule of Civil Procedure 56(c)(2) in that the statement of uncontested facts did not refer specifically to the affidavit (although the motion for summary judgment incorporated the affidavit and the statement of facts).

possible multiplicity challenge, petitioner's argument on appeal has shifted. Now, petitioner argues that he did not understand that he had a viable multiplicity defense because counsel told him such a defense was meritless. Counsel's affidavit confirms that she did not think the facts in petitioner's case supported such a challenge because petitioner's possession of five separate and individual files formed the evidentiary bases for five distinct counts of possession. Based on her understanding of the law, and the fact that "[t]here was no controlling legal authority at that time standing for the proposition that the charges were multiplicitous," she advised petitioner that she doubted the defense would be supported by the evidence. She further shared her assessment of "the potential pitfalls of asking for a hearing where the video evidence might be presented to the Court that would ultimately determine Mr. Kirby's sentence."

¶ 7. Was counsel's opinion that a multiplicity defense would fail flawed? And, would any misunderstanding on the part of petitioner entitle him to post-conviction relief? On appeal petitioner does not raise his ineffective assistance of counsel claim to this Court. Rather, he contends that his pleas were based on a misunderstanding effectuated by counsel. As a result, though we do not address the adequacy of counsel's representation as a separate claim, it is necessary to address whether counsel's opinion on the viability of a multiplicity challenge was reasonable before determining if her opinion undermined petitioner's understanding so as to make his pleas involuntary.

¶ 8. As noted, petitioner was charged with violating 13 V.S.A. § 2827(a), which states that "[n]o person shall . . . possess any photograph, film or visual depiction, including any depiction which is stored electronically, of sexual conduct by a child or of a clearly lewd exhibition of a child's genitals or anus." Petitioner argues that under the language of this statute he should be charged with only one count of child pornography possession, rather than five (i.e., one count for each separate image file of pornography found on his computer). Petitioner reasons that the word "any" leaves the Legislature's intended unit of prosecution unclear because it has both singular and plural meaning. He argues that where there is statutory ambiguity the rule of lenity should be applied, effectively reducing his five counts of possession to a single charge.

¶ 9. Post-conviction relief is a limited remedy, intended to correct fundamental errors in the judicial process. *In re Laws*, 2007 VT 54, ¶ 9, 182 Vt. 66, 928 A.2d 1210; *State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290, 1291-92 (1992); *In re Stewart*, 140 Vt. 351, 361, 438 A.2d 1106, 1110 (1981). It is not designed to be a substitute for a merit-based appeal, nor should it be a vehicle for the introduction of legal arguments not raised below. As such, whether a multiplicity challenge to 13 V.S.A. § 2827(a) would have been successful is not the issue in this case. Just as we are not permitted to judge an attorney's competence based on whether a tactical decision was ultimately successful, we decline to stand on hindsight and decide whether a given tactic would have been ultimately successful had it been pursued. *In re Dunbar*, 162 Vt. 209, 212, 647 A.2d 316, 319 (1994); *In re Mecier*, 143 Vt. 23, 32, 460 A.2d 472, 477 (1983). Thus we look only to whether counsel's decision not to raise this challenge constitutes a fundamental error.

¶ 10. In 2007, when counsel would have researched the potential for a multiplicity challenge, the state of the law was in flux and, as the court noted, "there was no controlling authority on whether, or under what circumstances, 13 V.S.A. § 2827(a) supports multiple charges of possession of child pornography." Even petitioner's expert stated in his affidavit:

"Suffice it to say that in 2007 this area of the law was in a state of development and uncertainty." Several states had already dismissed multiplicity arguments in child pornography statutes and upheld separate charges for each piece of child pornography found in a single seizure. See, e.g., *Fink v. State*, 817 A.2d 781, 788 (Del. 2003) (holding thirty counts of child pornography possession did not violate double jeopardy even though state could not prove that images were obtained through multiple downloads); *State v. Multaler*, 643 N.W.2d 437, 449 (Wis. 2002) (upholding a conviction of twenty-eight counts of possession, one for each of twenty-eight image files located on two computer disks); *State v. Mather*, 646 N.W.2d 605, 610 (Neb. 2002) (affirming that eighteen counts of visual depiction of sexually explicit conduct involving a child based on eighteen separate and different photographs did not violate double jeopardy). In *Multaler* and *Mather*, the statutory language was very similar to the language in 13 V.S.A. § 2827(a) in that they also use the word "any" followed by the singular form of a type of prohibited material. *Multaler*, 643 N.W.2d at 451; *Mather*, 646 N.W.2d at 610-11. Following these states, the high courts of New Hampshire and Pennsylvania both released decisions upholding multiple child pornography possession convictions in 2007. *State v. Ravell*, 922 A.2d 685, 688 (N.H. 2007) (holding that even possession of a duplicate copy of an image can result in a separate charge); *Commonwealth v. Davidson*, 938 A.2d 198, 219 (Pa. 2007) (concluding that legislature intended for each image of child pornography to be a separate, independent crime). The Pennsylvania Supreme Court noted that "[o]f the other jurisdictions that have considered similar challenges, a significant majority have found that possession of each image of child pornography constitutes a separate offense and does not implicate double jeopardy." *Id.*

¶ 11. This Court has previously recognized a strong presumption of reasonableness in an attorney's performance. *Dunbar*, 162 Vt. at 212, 647 A.2d at 319. We permit counsel "a great deal of discretion in decisions regarding trial strategy, and even the failure of that strategy is not the standard by which a reviewing court will measure a trial counsel's competence." *Id.* Where counsel chooses not to pursue or investigate a given legal theory, that decision "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). As noted, not only was there significant case law suggesting a multiplicity challenge might not succeed, there was no controlling case law to suggest that it would.

¶ 12. In light of the case law that existed in 2007, it was reasonable for counsel to doubt the merit of asserting a similar challenge to Vermont's statute and to inform petitioner she thought this challenge was not viable. The mere fact that petitioner and his expert were able to find some case law that may support a multiplicity challenge does not mean that challenge would have succeeded, nor does it mean counsel was unreasonable to believe it would not. Counsel is entitled to "wide latitude" in her tactical decisions, so long as they are reasonable. *Strickland*, 466 U.S. at 689. "Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.*

¶ 13. Where the theory of law is untested or unsettled, counsel cannot be faulted for failing to raise every possible defense — this is both an unduly heavy and impractical burden. See *State v. McMahon*, 519 N.W.2d 621, 628 (Wis. Ct. App. 1994) ("Counsel is not required to object [to] and argue a point of law that is unsettled. Although it might have been ideal for counsel to so object . . . the fact

is that he was not deficient in failing to do so."). This reasoning is consistent with our past statements on the affirmative duties of defense counsel and with the laws of malpractice. *In re Combs*, 2011 VT 75, ¶ 12, 190 Vt. 559, 27 A.3d 318 (mem.) (upholding the trial court's finding that "petitioner made the decision not to raise an insanity defense after advice from defense counsel and defense counsel could not be faulted for a wrong decision"); *Roberts v. Chimileski*, 2003 VT 10, ¶ 19, 175 Vt. 480, 820 A.2d 995 (mem.) (" '[T]he rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized.' " (quoting 3 R. Mallen et al., Legal Malpractice § 18.1, at 2 (5th ed. 2000))); see also *Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.").

¶ 14. Having established that it was not unreasonable for counsel to doubt the viability of a multiplicity challenge, and to inform petitioner likewise, we turn to whether petitioner's pleas were entered knowingly and voluntarily. A defendant waives important constitutional rights when he pleads guilty, and thus such a plea must be the "voluntary expression of his own choice." *In re Quinn*, 174 Vt. 562, 563, 816 A.2d 425, 426-27 (2002) (mem.) (quotation omitted); see *In re Raymond*, 137 Vt. 171, 180, 400 A.2d 1004, 1009 (1979). "It is well accepted that if a plea is unfairly obtained through ignorance, fear or misunderstanding it is open to collateral attack." *In re McGrail*, 130 Vt. 492, 495, 296 A.2d 213, 215 (1972). Where petitioner relied upon a material misunderstanding resulting from misinformation provided by his attorney, he may be entitled to post-conviction relief. *In re Moulton*, 158 Vt. 580, 586, 613 A.2d 705, 709 (1992). However, to make a valid claim on this ground, such a misunderstanding may not be based solely on a petitioner's subjective misunderstanding of the law or of counsel's statements. *In re Stevens*, 144 Vt. 250, 255, 478 A.2d 212, 215 (1984). Rather, it "must be based on objective evidence which reasonably produced the misunderstanding." *Id.*

¶ 15. Here, counsel advised petitioner that a multiplicity challenge would likely fail. Counsel's affidavit states that she believed "the State had ample evidence to support five separate counts under the applicable Vermont statute." Petitioner's claim is therefore not based on a subjective misunderstanding of counsel's advice. He apparently accepted her opinion and understood that he was facing five charges of possession when he agreed to plead guilty to three charges. Nor was counsel's opinion that a multiplicity challenge would not succeed an objective misunderstanding of the law, which she passed on to petitioner, and on which he based his plea. As noted above, counsel was reasonable to doubt the merit of an untested multiplicity challenge. Counsel's advice, however unsatisfactory to petitioner, did not misinform him.

¶ 16. We hold that counsel's assessment of the viability of a multiplicity challenge under 13 V.S.A. § 2827(a) was not unreasonable, and thus did not create a material misunderstanding upon which petitioner based his guilty pleas. Petitioner's pleas were entered knowingly and voluntarily and therefore he is not entitled to post-conviction relief.

*Affirmed.*