In re Darrell F. Day, No. 224-7-12 Bncv (Wesley, J. Apr. 11, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                                                      CIVIL DIVISION
Bennington Unit                                                              Docket No. 224-7-12 Bncv

---

In re: Darrell F. Day

---

## ENTRY REGARDING MOTION

Count 1, Post Conviction Relief (224-7-12 Bncv)

Title:        Motion for Summary Judgment on Pet. 2nd Amended (Motion 11)
Filer:        State of Vermont
Attorney:     Robert F. Plunkett
Filed Date:   March 17, 2014

Response filed on 03/26/2014 by Attorney Mark E. Furlan for Petitioner Darrell F. Day

**The motion is GRANTED.**

### Decision and Order on Cross-Motions for Summary Judgment

On June 14, 2011, Petitioner signed a written plea agreement for entry of guilty pleas to a charge of third driving under the influence with a habitual offender enhancement, a misdemeanor simple assault and three other misdemeanor offenses. In exchange, the State dismissed two felony assault charges, which were also subject to life imprisonment under the habitual offender statute, and the amendment of another life offense felony assault charge to the simple assault. The plea agreement did not specify a recommended sentence, but left sentencing subject to contested proceedings following a pre-sentence investigation.

The two prior offenses that were the predicate convictions underlying the plea to third DUI occurred on June 26, 1986 and November 25, 1991. The 1991 conviction was based on an arrest that took place on April 4, 1991. On July 1, 1991, Act 55 of the 1991 Legislative Session took effect, which eliminated the 15 year "forgiveness period" when considering whether subsequent DWI convictions would be enhanced as a result of prior convictions. Act 55 contained a "savings clause", which preserved the fifteen year "forgiveness period" for any conviction that preceded July 1, 1991.

After a recess to permit counsel to review the effect of Act on the circumstances presented by his case, Petitioner pled guilty pursuant to the signed plea agreement. The Court conducted an extensive colloquy with Petitioner regarding his understanding of the elements of each offense, and the State's burden of proof, including the need to demonstrate two prior felony convictions in connection with the habitual offender enhancement.

On Sept. 21, 2011, Petitioner filed a *pro se* motion to withdraw his plea, claiming that he misunderstood the law, and believed that he had a basis for challenging the characterization of the DUI conviction as a third offense subject to felony enhancement. The Court denied the motion to withdraw the plea. At the conclusion of the sentencing hearing on Dec. 21, 2011, the Court sentenced Petitioner to 20 to 40 years to serve on the DUI conviction with habitual offender enhancement, and a consecutive sentence of 6 to 12 months to serve on the simple assault conviction.

On December 21, 2011, a notice of appeal was filed on behalf of Petitioner. On January 19, 2012, Petitioner filed a motion for correction or reduction of sentence, which was denied for lack of jurisdiction. On April 12, 2012, the Supreme Court granted Petitioner's motion to dismiss the appeal. On April 23, 2012, Petitioner filed a *pro se* motion for correction or reduction of sentence. The motion was denied on June 1, 2012. Petitioner appealed from the denial of relief from sentence on June 19, 2012.

Petitioner's *pro se* appeal claimed his sentence for the DUI conviction violated the ex post facto clause of the United States Constitution. He argued he was entitled to the fifteen year "forgiveness period" in effect prior to July 1, 1991. Further, Petitioner argued construing the most recent conviction as a felony unconstitutionally enhanced his sentence and violated the enhancement statute. The Vermont Supreme Court rejected Petitioner's arguments and affirmed the denial of sentence reconsideration. *See State v. Day*, Doc. No.2012-222, 2012 WL 6633576 (Vt. Dec. 13, 2012). The Supreme Court noted that relief in the nature of sentence reconsideration is a limited remedy not designed to challenge a conviction of the offense charged. *See State v. Oscarson*, 179 Vt. 442, 2006 VT 30. Nevertheless, the Court held it did not have to address the applicability of *Oscarson* to Petitioner's appeal*,* "because his claims are unpersuasive on the merits."

Petitioner then filed this action for post-conviction relief. Among other grounds for post-conviction relief, Petitioner claims his conviction for a third DUI offense violated the ex post facto clause. On August 13, 2013, this Court granted summary judgment to the State on this issue, while reserving for further consideration Petitioner's separate claim for relief based on sentence calculation.

After the Court's August 13, 2013 order, the Court allowed Petitioner to amend his petition. The amended petition argued the conviction violated the ex post facto clause, and that trial counsel was ineffective for not preserving this issue. On January 22, 2014, the Court issued an order granting partial summary judgment to the State, rejecting Petitioner's claims that the State inaccurately calculated credit for time served. In a footnote, the Court also noted *State v. Delisle*, 171 Vt. 128, 133–34 (2001), which had rejected the same argument ex post facto clause argument, as well as the decision by the Vermont Supreme Court rejecting Petitioner's argument in his appeal.

The Court now considers cross-motions for summary judgment. On February 18, 2014, Petitioner moved for summary judgment. Petitioner maintains his counsel was deficient because he failed to argue Petitioner's conviction violated the ex post facto clause. On March 17, 2014, the State opposed the motion and filed its cross-motion for summary judgment. The State insists that because it has already been determined that Petitioner's conviction did not

2

violate the ex post facto clause, there can be no claim for ineffective assistance of counsel in failing to raise the issue. On March 26, 2014, Petitioner opposed the State's motion for summary judgment, supported by an affidavit from Attorney Daniel Sedon expressing the opinion that Petitioner's trial counsel was deficient for not arguing Petitioner's conviction violated the ex post facto clause.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.

The Court grants summary judgment in favor of the State. There are no material disputed facts and the State is entitled to judgment as a matter of law. As explained in the Vermont Supreme Court's opinion rejecting Petitioner's appeal, in this Court's previous two orders on motions for summary judgment, and in *Delisle*, Petitioner's conviction did not violate the ex post facto clause. *See Day*, 2012 WL 6633576; *see also Delisle*, 171 Vt. at 133–34 (holding the Vermont Legislature intended to eliminate the savings clause). Petitioner insists that these prior holdings must be distinguished from his circumstances, because the 1991 conviction was based on an offense that occurred before the effective date of Act 55. Yet, as the Supreme Court observed in rejecting Petitioner's appeal, *Delisle* held "that the fifteen-year forgiveness period applied only if 'both convictions occurred' before July 1, 1991, and therefore was unavailable to the defendant because only one of his prior convictions had occurred before that date. " *Day,* 2012 WL 6633576, ¶ 3.

Petitioner's urgent contention that, for purpose of applying the Act 55 savings clause, a conviction falling after July 1, 1991 should be deemed to relate back to the date of arrest contradicts the plain language of the statute. If that is what the Legislature intended in constructing the framework for applying the savings clause, then that is how the statute would have read. Petitioner's belief that the distinction on which he relies should compel a different result here than in *Delisle* depends on speculative hopefulness, not an analysis proceeding from the statutory language or case law.

Petitioner's argument that the forgiveness period and the savings clause are "inextricably bound" to his legitimate expectations as to the effect of his 1986 and 1991 convictions on subsequent punishment for repeated driving while under the influence, so as to implicate the application of the ex post facto clause, is similarly fanciful. It was precisely that argument that the Supreme Court rejected in *Delisle*, and rejected again in Petitioner's own appeal. *See Day* 2012 WL 6633576 ¶ 7.

In support of his claim of ineffective assistance of counsel, Petitioner proffers the expert opinion of Attorney Daniel Sedon. Attorney Sedon, an experienced criminal defense practitioner, castigates trial counsel in general terms for apparently having failed "to have formulated a comprehensive strategy for representing a client charged with a life sentence offense." However, in particularizing the claimed deviation from competent representation, Petitioner's legal expert focused exclusively on trial counsel's failure to preserve an ex post facto challenge to the State's third DUI charge with habitual offender enhancement. Despite his opinion that advising Petitioner to accept the plea agreement fell below the standard of care of

3

a reasonably skilled defense attorney, Attorney Sedon does no better than state that Petitioner "possessed a colorable argument for an ex-post facto challenge to the DUI charge given the timing of his previous convictions." He further acknowledges that "current Supreme Court case law did not precisely support such a challenge," while claiming without further analysis that Petitioner "had a compelling case for an argument that an ex-post facto challenge should be recognized under the particular circumstances of the case."

In short, Petitioner's legal expert supplies no more persuasive basis than the arguments made by post-conviction relief counsel in his summary judgment pleadings for the contention that, if preserved and raised on direct appeal from a jury conviction, the ex post facto challenge would have been decided differently. Simply put, Petitioner's trial counsel could not have been deficient for failing to raise a legal argument that was patently incorrect.[1]

**WHEREFORE,** it is hereby **ORDERED** :

The Court **DENIES** Petitioner's Motion for Summary Judgment. The Court **GRANTS** the State's Motion for Summary Judgment and enters judgment in favor of the State. Petitioner's complaint for post-conviction relief is **DISMISSED WITH PREJUDICE.**

So ordered.

Electronically signed on April 10, 2014 at 03:22 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Mark E. Furlan (ERN 3727), Attorney for Petitioner Darrell F. Day
Robert F. Plunkett (ERN 4093), Attorney for Respondent State of Vermont

---

[1] Given this determination, the Court will give only passing consideration to the State's alternative arguments, while concurring that they afford additional reasons for rejecting Petitioners claim for relief. Petitioner's theory distinguishing his circumstances from *Delisle* is so novel that the failure to fasten upon it as the most appropriate strategy cannot, as a matter of law, be characterized as a deviation from adequate representation. *See In re Kirby* , 2012 VT 72, ¶ 9, 192 Vt. 640. Further, Petitioner cannot demonstrate prejudice under the circumstances. To preserve the challenge to the enhancement of the DUI charge, Petitioner would have had to face trial on three felony assault charges also subject to life imprisonment. Finally, since the Supreme Court decided Petitioner's appeal from the denial of his motion for sentence reconsideration by reaching the merits of his ex post facto arguments, he has failed to demonstrate that any failure by trial counsel would have enhanced his prospects for a different outcome.

4