*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-134

JANUARY TERM, 2015

| | |
|---|---|
| In re Darrell F. Day | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 224-7-12 Bncr |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Petitioner appeals an order of the superior court, civil division, granting the State summary judgment with respect to his petition for post-conviction relief (PCR). We affirm.

The facts are undisputed. In June 2011, petitioner entered into a written plea agreement under which he pled guilty to driving under the influence (DUI), third offense with a habitual offender enhancement; simple assault; and three other misdemeanor offenses. For its part, the State agreed to dismiss the other felony assault charges that also could have subjected petitioner to life imprisonment under the habitual offender statute. The plea agreement did not specify a recommended sentence.

With respect to the DUI charge, the two predicate convictions occurred in June 1986 and November 1991. The 1991 conviction was based on an arrest that took place in April 1991. Prior to a 1991 amendment to 23 V.S.A. § 1210(d), the enhancement scheme that was in effect established "forgiveness periods" that precluded a defendant from being convicted of DUI, second offense, unless there was a predicate conviction within the previous five years; and of DUI, third offense, unless there were two predicate convictions within the previous fifteen years. See 23 V.S.A. § 1210(d) (1987). Effective July 1, 1991, the Legislature amended § 1210(d) by removing the forgiveness periods, but included a savings clause providing, in relevant part, that the fifteen-year forgiveness period would be considered a right that accrued to operators whose "prior convictions" occurred before July 1, 1991. 1991, No. 55, § 19(5). Construing that savings clause in State v. Delisle, 171 Vt. 128, 134 (2000), we held that the defendant had no right to benefit from the fifteen-year forgiveness period because only one of his predicate convictions had occurred before July 1, 1991.

At the hearing to consider petitioner's guilty pleas, the court conducted an extensive plea colloquy, during which it indicated to petitioner its understanding that the forgiveness periods set forth in the previous version of 23 V.S.A. § 1210(d) ran from the dates of the predicate convictions rather than the dates of the offenses. Following a recess to permit petitioner's counsel to review the effect of the 1991 amendment on the circumstances presented by the case, petitioner signed the plea agreement, and the court accepted it. Approximately three months after he entered his guilty pleas, petitioner filed a motion to withdraw the pleas, which the court denied. At a contested sentencing hearing, petitioner received a twenty-to-forty-year sentence.

In December 2011, petitioner appealed that sentence, but the appeal was dismissed in April 2012 based on petitioner's motion.

Later that same month, petitioner filed a motion for sentence reconsideration. The motion was denied, and petitioner appealed to this Court, arguing that the trial court erred in denying his motion because his sentence violated the Ex Post Facto Clause of the United States Constitution, art. I, § 9, cl. 3 ("No . . . ex post facto Laws shall be passed"), and exceeded the sentence authorized by law. Specifically, defendant argued that he was entitled to be sentenced under the enhancement scheme in effect before the 1991 amendment to § 1210(d), and that applying the amended statute to him violated the statutory enhancement scheme and unconstitutionally increased his punishment by violating the Ex Post Facto Clause of the United States Constitution. This Court affirmed the denial of his motion. See State v. Day, No. 2012-222, 2012 WL 6633576, at *1 (Vt. Dec. 13, 2012) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. Regarding the statute, we concluded that because only one of petitioner's predicate DUI convictions occurred before the effective date of the 1991 amendment, he had no right to the fifteen-year forgiveness period under our holding in Delisle. Id. at *2. We acknowledged petitioner's suggestion that both of his predicate "offenses occurred before July 1991 for purposes of applying the sentence enhancement," but noted that one of the convictions occurred after the July 1, 1991 amendment. Id. at *2 n.1. We also rejected petitioner's constitutional argument, stating the "well-settled" principle that there is no ex post facto violation when a conviction that occurs before enactment of a statute providing for increased punishment upon a later conviction is used for enhancement purposes, and citing the "[n]umerous courts [that] have applied this principle to hold that the use of DUI convictions that occurred prior to enactment of an enhancement statute do not violate the Ex Post Facto Clause." Id. at *2-3. That decision necessarily has preclusive effect preventing relitigation of the issue in this or other cases.

Petitioner filed a motion for reargument, emphasizing that his ex post facto argument was based on the fact that his second predicate conviction stemmed from an arrest that occurred before the 1991 amendment became effective. This Court denied the motion, stating that petitioner had failed to identify points of fact or law overlooked or misapprehended by this Court.

Meanwhile, petitioner filed a PCR petition, arguing again that his conviction for DUI, third offense, violated the Ex Post Facto Clause, as well as 1 V.S.A. § 214, which deals with the effect of the amendment or repeal of laws. In August 2013, the superior court granted partial summary judgment to the State, concluding that this Court had already rejected petitioner's argument that the date of the offense rather than the date of the conviction should be used to determine whether there was an Ex Post Facto Clause violation. According to the court, our resolution of the issue precluded petitioner from renewing the issue of whether his enhanced DUI conviction violated the Ex Post Facto Clause. See V.R.A.P. 33.1(d) (stating that unpublished decisions by three-justice panels may be controlling with respect to issues of claim preclusion, issue preclusion, law of the case, and other issues concerning parties or facts of case in which decision was issued).

Petitioner then filed an amended PCR petition arguing that his trial counsel's failure to raise and litigate the ex post facto argument constituted ineffective assistance of counsel. He also reasserted his claims under the Ex Post Facto Clause and 1 V.S.A. § 214. In an April 2014 decision, the superior court granted the State's motion for summary judgment. Citing this Court's previous decision and its earlier order granting the State partial summary judgment, the

court concluded that there was no Ex Post Facto Clause violation, and that petitioner's claim of ineffective assistance of counsel was unavailing because his "trial counsel could not have been deficient for failing to raise a legal argument that was patently incorrect." The court also noted that defendant's theory attempting to distinguish his circumstances from those in Delisle was so novel that not presenting the theory could not, as a matter of law, be considered ineffective assistance of counsel. See State v. Kirby, 2012 VT 72, ¶ 13, 192 Vt. 640 (mem.) (stating that trial counsel cannot be found to have rendered ineffective assistance for failing to raise untested or unsettled theory of law).

On appeal, petitioner reiterates that his conviction for DUI, third offense, violated the Ex Post Facto Clause and 1 V.S.A. § 214 and that his trial counsel rendered ineffective assistance by failing to advise him of, and raise, an Ex Post Facto Clause defense. These arguments are unavailing. Petitioner fails to address the superior court's determination that our decision affirming the denial of his motion for sentence reconsideration was res judicata with respect to his claim of an Ex Post Facto Clause violation. In our decision, we rejected defendant's statutory claim because only one of his predicate convictions occurred before the 1991 amendment. As we stated above, our decision also rejected his constitutional claim that enhancement violated the Ex Post Facto Clause in these circumstances, and petitioner cannot relitigate that question in this PCR. Although petitioner claims he is raising a new argument here, we disagree and hold the constitutional argument here is precluded by this Court's earlier decision involving the same parties and the same contentions.[*] See State v. Dann, 167 Vt. 119, 126 (1997) (citing elements of issue preclusion).

Nor can petitioner prevail on his claims of ineffective assistance of counsel, which are derived exclusively from his constitutional arguments. As the superior courts stated, petitioner's trial counsel cannot be considered to have rendered ineffective assistance for failing to raise legal arguments that have been conclusively determined to be incorrect.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[*] By the same token, petitioner's one-paragraph argument claiming a violation of 1 V.S.A § 214 must fail. That argument is based on the incorrect premise that the savings clause in the 1991 amendment secured him a right at the moment he committed the offense. The plain language of that clause indicates otherwise.