NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 84

No. 2015-339

In re Alexis Gabree

Supreme Court

On Appeal from
Superior Court, Orleans Unit,
Civil Division

February Term, 2016

Timothy B. Tomasi, J. (summary judgment); Howard E. Van Benthuysen, J. (final judgment)

Matthew F. Valerio, Defender General, and Emily Tredeau, Prisoners' Rights Office,
  Montpelier, for Petitioner-Appellant.

Jennifer Barrett, Orleans County State's Attorney, Newport, and Christopher C. Moll, Essex,
  for Respondent-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.     **SKOGLUND, J.**   Petitioner Alexis Gabree appeals the superior court's decision to dismiss her petition for post-conviction relief (PCR). She argues that, during the plea colloquy, she never personally admitted that a factual basis for the charges existed, in violation of Vermont Rule of Criminal Procedure 11(f). We agree and so reverse and remand.

¶ 2.     In 2013, the State charged petitioner with two counts of grossly negligent operation of a vehicle, death resulting, in violation of 23 V.S.A. § 1091(b). Under the terms of the plea agreement, petitioner agreed to plead guilty to both counts in exchange for a sentence of six to fifteen years, to serve.

¶ 3.     On February 27, 2014, at the change-of-plea hearing, the court first examined the

terms of the plea with the State and defense counsel, then proceeded to the following plea colloquy:

> COURT.  Let's talk about the charges then.
>
> Count I in Docket No. 74-2-13 alleges that you, . . . at North Troy on or about August 5th of 2012 operated a motor vehicle on a public highway in a grossly negligent manner, resulting in the death of Margaret Moran, a person other than the operator.  This is a violation of Title 23 Section 1091b.  It carries a maximum penalty of up to fifteen years in jail and a fine of up to 15,000 dollars or both.
>
> Do you understand the nature of this charge?
>
> PETITIONER.  Yes, I do.
>
> COURT.  Do you understand the maximum penalty you could receive should you be convicted?
>
> PETITIONER.  Yes, I do.
>
> COURT.  In Count II the State alleges that you, . . . at North Troy on or about August 5, 2012 operated a motor vehicle on a public highway in a grossly negligent manner resulting in the death of Edmund Moran, a person other than the operator.  This is a violation of Title 23 Section 1091b.  It's the same charge we discussed in Count I.  It carries the same penalty, up to fifteen years in jail and up to 15,000 dollars in fines or both.
>
> Do you understand the nature of that charge?
>
> PETITIONER.  Yes.
>
> COURT.  Now . . . , every charge is made up of essential elements. These are the key facts that the State has to prove during a trial beyond a reasonable doubt.  Now, during a trial you do not have to prove anything.  You can rely entirely on the presumption of innocence as your entire case.  You can rely entirely on a failure of the State to prove a particular element as your entire case.  The presumption of innocence stays with you throughout the trial in this matter; it never goes away, unless and until the jury decides unanimously that you are, in fact, guilty.  When you plead guilty to a criminal charge you're admitting the key facts, the essential elements.
>
> Do you understand that?
>
> PETITIONER.  Yes, I do.

COURT. Is that what you want to do here?

DEFENDANT. Yes.

After inquiring about petitioner's mental state, the change-of-plea court continued with the colloquy:

> COURT. Okay. Now the elements of these two offenses are the same, with the exception that one involves the death of Margaret Moran and the second count, the death of Edmund Moran. The elements here are that it was you who, on that date and at that place, that you operated something. The something is the next element, a motor vehicle. A motor vehicle means a car or a truck, a motorcycle, a van, a school bus, whatever it is, the things that we normally think of as powered by a motor that take you down or along the next element, a public highway.
>
> A public highway is a road or a street, parking lot, interstate, whatever, that is open to the general circulation of traffic at the time you were on it. This is alleged to have happened on Route 105. If other people could have driven on that on the day you were driving there, that would probably be a public highway.
>
> The next element is that you were driving in a grossly negligent manner. To drive in a grossly negligent manner means that your driving behavior, your manner of operating, showed a gross deviation from the standard of care that a reasonable person would have observed under similar circumstances. As the court understands the State's theory you were driving at an excessive speed of sixty-seven in a fifty zone, you had at least ten separate psychoactive or other medications or substances in your bloodstream, and you were left of center.
>
> Is that the State's theory . . . ?
>
> STATE. I think there were actually eleven separate substances, Your Honor, so at least ten would be correct. She was travelling seventeen miles an hour over the speed limit, and she was approximately nine feet left of center when she struck the Morans' vehicle.
>
> COURT. Okay.
>
> So do you understand what it means to be driving in a grossly negligent manner?
>
> PETITIONER. Yes.

3

COURT. And, [defense counsel], do you agree that there's a factual basis for these two charges?

DEFENSE COUNSEL. I do.

COURT. All right.

The final element, . . . is that your gross negligent operation of a motor vehicle on a public highway caused the death of Margaret Moran in Count I and the death of Edmund Moran in Count II. Do you understand what you're pleading guilty to by entering these pleas today?

PETITIONER. Yes.

COURT. All right.

¶ 4. The change-of-plea court then explained to petitioner that, by entering the plea agreement, she was giving up her right to a trial; petitioner affirmatively waived her right to a trial. The court concluded the colloquy by asking both the State and defense counsel whether the court articulated a factual basis for the charges. Both attorneys agreed that a factual basis existed for the two counts of grossly negligent operation, death resulting. Petitioner pled guilty to the charges, and the court accepted her plea. At a subsequent sentencing hearing on April 2, 2014, the court sentenced petitioner according to the terms of the plea agreement—six to fifteen years, to serve.

¶ 5. Seven months later, on November 21, 2014, petitioner filed a pro se PCR petition. As amended by assigned counsel, the petition alleged that, during the plea colloquy, petitioner never actually admitted the factual elements of the crimes for which she was convicted, in violation of Vermont Rule of Criminal Procedure 11(f). The State and petitioner filed cross-motions for summary judgment.

¶ 6. The PCR court granted the State's motion for summary judgment, denied petitioner's cross-motion, and dismissed the PCR petition. In its analysis, the PCR court relied on State v. Cleary, 2003 VT 9, 175 Vt. 142, 824 A.2d 509, to conclude that the colloquy "substantially complied" with Rule 11(f). In reaching this conclusion, the PCR court noted that, at the outset of

4

the colloquy, the petitioner indicated that, by pleading guilty, she would be admitting to the truth of the key facts and elements of the charges. Given this initial admission by petitioner—as well as the ability of a lay person to comprehend the nature of the offenses and the change-of-plea court's detailed explanation of the factual circumstances supporting the charged offenses—the PCR court determined that the colloquy was sufficient under Rule 11(f). This appeal followed.

¶ 7. We review the PCR court's summary judgment decision de novo and apply the same standard as the trial court. In re Kirby, 2012 VT 72, ¶ 5, 192 Vt. 640, 58 A.3d 230 (mem.). "Summary judgment is proper where there is no genuine issue of material facts and the movant is entitled to judgment as a matter of law." Id.; V.R.C.P. 56(a).

¶ 8. Vermont Rule of Criminal Procedure 11 sets forth a series of substantive and procedural rules to ensure that a defendant's guilty plea is knowing and voluntary. State v. Yates, 169 Vt. 20, 25, 726 A.2d 483, 486 (1999). For example, Rule 11(d) requires the change-of-plea court to determine, by addressing the defendant, that the plea is in fact voluntary. Id. at 25, 726 A.2d at 487; V.R.Cr.P. 11(d); see also V.R.Cr.P. 11(c) (requiring court to address defendant personally and in open court to determine defendant understands, among other things, nature of charge); V.R.Cr.P. 11(g) (setting forth procedural mechanism to implement Rule 11).

¶ 9. Within this system, Rule 11(f) requires the change-of-plea court to ensure that the defendant understands and admits to a factual basis for each element of the offenses charged. See In re Bridger, 2017 VT 79, ¶ 22, __ Vt.__, __ A.3d. __; In re Dunham, 144 Vt. 444, 447-48, 479 A.2d 144, 146-47 (1984). By making this inquiry, the court ensures that a defendant's plea is truly voluntary and that a reviewing court has the ability to review the record. Bridger, 2017 VT 79, ¶ 22; In re Stocks, 2014 VT 27, ¶ 13, 196 Vt. 160, 94 A.3d 1143. Absent such an inquiry, a defendant may not "completely understand the elements of the charge or realize that [he or she] has a valid defense" and may enter a false guilty plea. Reporter's Notes, V.R.Cr.P. 11(f); see In re Miller, 2009 VT 36, ¶ 9, 185 Vt. 550, 975 A.2d 1226 (noting rule prevents false guilty pleas

5

in situations where, for example, defendant does not completely understand charge's elements or recognize defense). Rule 11(f) is distinct from the other subsections of Rule 11; thus, even if a defendant knowingly and voluntarily enters into a plea, Rule 11(f) requires a court to independently establish that a factual basis for the plea exists. See Stocks, 2014 VT 27, ¶ 13 (emphasizing "independent significance and purpose of the 'factual basis' inquiry"); Yates, 169 Vt. at 25, 726 A.2d at 487 (noting defendant's understanding of charges is distinct from admission providing factual basis for charges).

¶ 10. While this case was pending, we clarified in Bridger that "an 'adequate factual basis' sufficient to demonstrate voluntariness must consist of some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts." 2017 VT 79, ¶ 22. There is no particular formula to satisfy this standard: a defendant may admit to the facts in the course of the colloquy, a defendant may verbally confirm that a prosecutor's description of the facts was correct, or a defendant may describe the facts in his or her own words. Stocks, 2014 VT 27, ¶ 15. But a defendant must, in some manner, personally admit to the factual basis for the charges. Compare id. ¶ 17 (reversing denial of summary judgment where petitioner "confirmed his understanding of the charges but, apart from the actual guilty pleas themselves, admitted nothing"), with In re Kivela, 145 Vt. 454, 459, 494 A.2d 126, 129 (1985) (finding no violation of Rule 11(f) where charges were read to defendant and defendant admitted to acts underlying each offense). "Substantial compliance" with the Rule 11(f) inquiry is not sufficient. Bridger, 2017 VT 79, ¶ 20.

¶ 11. Here, the required personal admission did not occur. The change-of-plea court began by generally describing the nature of the two charges, specifically listing the bare elements and penalties for each charge. Petitioner indicated that she understood the nature of each charge, that she knew each charge was composed of essential elements, and that a guilty plea signified admission to the essential elements. Next, the court defined each element of the charges and

articulated the factual basis for each element. In the midst of this explanation, the court briefly paused to ask petitioner whether she understood, "what it means to be driving in a grossly negligent manner." Petitioner affirmatively stated that she understood that element, but spoke no further. The court then asked defense counsel whether a factual basis existed for the charges, and counsel indicated that a basis existed. Later, the court asked defense counsel and the State whether a factual basis existed for the charges; both replied in the affirmative. At no time did petitioner independently affirm that a factual basis existed for the charges she faced.

¶ 12. These facts expose no meaningful distinction from Stocks. As in Stocks, the change-of-plea court in this case "sufficiently described the elements of the charges against petitioner, and the underlying facts alleged, and appropriately ensured that petitioner understood the charges." 2014 VT 27, ¶ 16. But, as in Stocks, the court never asked petitioner whether she admitted to the charges or "sought any other admissions from [her] to support the conclusion that the guilty pleas had a factual basis." Id. ¶ 17. Instead, the court asked both defense counsel and the State whether a factual basis existed. That is not sufficient under Rule 11(f); the rule's significance depends on a defendant's understanding and agreement that a factual basis exists, not defense counsel's. Stocks, 2014 VT 27, ¶ 15; see also In re Dunham, 144 Vt. at 451, 479 A.2d at 148 ("The requirement of [Rule] 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court." (emphasis added)). Here, petitioner admitted to nothing apart from her actual guilty plea.

¶ 13. We are not persuaded by the State's arguments, which conflate the distinct requirements of Rule 11. The State focuses on the change-of-plea court's initial recitation of the charges and the court's broad definition of "essential elements" as "the key facts that the State has to prove during a trial beyond a reasonable doubt." The State points out that the court then said, "When you plead guilty to a criminal charge you're admitting the key facts, the essential elements. Do you understand that?" According to the State, this question clearly spelled out to petitioner

7

"that, by entering a plea, she would be admitting she committed the specific acts alleged." And, because petitioner affirmatively indicated that she understood this statement, she knew that by pleading guilty, she was admitting to the key facts that the court subsequently related.

¶ 14. The State's argument improperly suggests that a factual basis for the charges "can be inferred from a knowing and voluntary guilty plea with no additional inquiry." Stocks, 2014 VT 27, ¶ 20. This inference eliminates the independent significance of Rule 11(f) by equating a defendant's understanding of the law and the alleged facts underlying the charge with the defendant's admissions providing a factual basis for the charges against her. See Stocks, 2014 VT 27, ¶ 20 ("[A] defendant's understanding of the charges and admissions providing a factual basis for the charges are distinct requirements.").

¶ 15. Although we agree with the State that the change-of-plea court outlined each element of the charges in great detail and recited the alleged facts that supported those charges, those inquiries are distinct from the Rule 11(f) requirement that the court establish a factual basis for the plea. To comply with this rule, after reciting the facts, the court merely had to ask petitioner—not defense counsel—whether she admitted to the facts offered to support the charges or some other equivalent question evincing petitioner's admission that a factual basis existed. This inquiry does not require the court to become defendant's inquisitor, as the State maintains, but simply obliges a court to seek the most basic admission required by Rule 11(f)—that is, defendant's personal acknowledgement that a factual basis exists for each element of the offenses charged.* See Bridger, 2017 VT 79, ¶ 22; In re Dunham, 144 Vt. at 448-49, 479 A.2d at 146-47.

---

* We do not address the State's argument that the change-of-plea court substantially complied with Rule 11(f) because, as described above, we held in Bridger that " 'substantial compliance' has no place in Rule 11(f) claims." 2017 VT 79, ¶ 20.

8

¶ 16.    We reverse the trial court's denial of petitioner's motion for summary judgment and its award of summary judgment to the State.

Reversed and remanded for entry of a judgment allowing petitioner to withdraw her plea.

FOR THE COURT:

_____
Associate Justice

¶ 17.    **EATON, J., concurring.**    I concur in the result, mindful of this Court's recent decision in In re Bridger, 2017 VT 79, __ Vt. __, __ A.3d __.  In Bridger, a majority of the Court held that to satisfy Vermont Rule of Criminal Procedure 11(f), the trial court must conduct "an inquiry that demonstrates the defendant's admission to the facts as they relate to the law for all elements of the charges."  Id. ¶ 21 (quotation and alteration omitted).  Stated differently, there must be "some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts."  Id.  A defendant need not recite the factual basis himself or herself. Id.  The majority holds that for purposes of Rule 11(f), a defendant's guilty plea does not constitute "some admission by the defendant" to the facts underlying the criminal charge.  See ante, ¶ 15 (citing In re Stocks, 2014 VT 27, ¶ 20, 196 Vt. 160, 94 A.3d 1143).  But see United States v. Broce, 488 U.S. 563, 570 (1989) (explaining that by entering plea of guilty, accused states that "he did the discrete acts described in the indictment" and he also admits "guilt of a substantive crime"); North Carolina v. Alford, 400 U.S. 25, 32 (1970) (explaining that through guilty plea, defendant admits that he committed crime charged against him, "even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment").

¶ 18.    With the Bridger standard in mind, I turn to the facts here.  Petitioner was charged with two counts of grossly negligent operation, death resulting, and one count of violating

9

conditions of release (VCR). She entered into a plea agreement with the State, pursuant to which the VCR charge was dismissed and the parties agreed that the sentences for the two remaining counts would be six-to-fifteen years to be served concurrently. The parties also agreed that petitioner could never drive any motor vehicle at any time without prior court approval, which was part of the reason that the State agreed to the proposed sentence. Petitioner's attorney informed the court that he had explored the possibility of a no-contest plea with the State, and he had also discussed the difference between a no-contest plea and a guilty plea with petitioner. Counsel informed the court that his client had agreed to plead guilty to take advantage of the plea agreement with the State; without a guilty plea, the plea agreement was off the table.

¶ 19.   Among other things, the change-of-plea court explained to petitioner the elements of the offenses, and that by pleading guilty to a criminal charge, she would be admitting the key facts, the essential elements of the crime. Petitioner replied to the court that she understood that, and that she wanted to do that. The elements of the crimes at issue were straightforward, and the State explained its theory that petitioner was driving in a grossly negligent manner because she had eleven separate psychoactive or other substances in her bloodstream, she was traveling seventeen miles an hour over the speed limit, and she was approximately nine feet left of center when she struck the victims' vehicle. The court asked petitioner if she understood what it meant to be driving in a grossly negligent manner, and she replied affirmatively. The court then asked petitioner's attorney if he agreed that there was a factual basis for the charges, and counsel agreed that there was. The court later returned to the factual basis issue, after petitioner indicated that she had no questions about anything that had been discussed. It asked the State if the court had articulated the factual basis as presented by the State in the charges. The State responded that the court had provided a satisfactory summary, and it also asked that the court refer to the detailed report of a senior trooper, which provided some additional detail to support the gross negligent operation. The court indicated that it would do so, and asked petitioner's counsel again if he agreed

that, as a matter of law, there was more than an abundant factual basis for the grossly negligent operation charges. Counsel again agreed that there was a factual basis. After several more questions, petitioner indicated that she was ready to enter her pleas and she pled guilty to both counts.

¶ 20. Assuming that through her guilty plea, petitioner did not admit the discrete acts at issue, petitioner here did not otherwise specifically admit that she had operated a motor vehicle on a public highway, took multiple substances, greatly exceeded the speed limit, crossed the center line and traveled almost ten feet into the victim's lane of travel, and caused the death of two individuals. Under the holding in Bridger, the change-of-plea court could not have satisfied itself on this record that there was a factual basis for the two counts of grossly negligent operation to which the petitioner pled guilty.

¶ 21. Many of the concerns that drove my dissent in Bridger are equally present here. First, the factual basis for these charges was overwhelmingly established on the record and stipulated to twice by counsel in petitioner's presence. Finding the absence of a factual basis here elevates form over substance with no discernible benefit to the criminal justice process. At the time this plea was taken, moreover, Vermont case law specifically held that an attorney could stipulate to a factual basis on behalf of his or her client. See State v. Cleary, 2003 VT 9, ¶ 29, 175 Vt. 142, 824 A.2d 509 (finding sufficient factual basis based on admission of defendant's attorney, which in turn rested on portion of police officer's affidavit); see also State v. Rienfenstahl, 172 Vt. 597, 599, 779 A.2d 675, 678 (2001) (mem.) (finding sufficient factual basis based on defense counsel's agreement that affidavit of probable cause provided factual basis for plea).

¶ 22. It was not until Bridger, three years after the plea here, that the Court overruled Cleary "to the extent that [it] relied upon "the 'substantial compliance' standard." Bridger, 2017 VT 79, ¶ 20. Rienfenstahl was not explicitly overruled. Given this change in the law, the Court should consider as a threshold matter whether the holding of Bridger should be retroactively

11

applied. See Teague v. Lane, 489 U.S. 288, 300, 310 (1989) (holding with respect to collateral challenges to criminal convictions that "new constitutional rules of criminal procedure [announced in case law] will not be applicable to those cases which have become final before the new rules are announced," and explaining that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final"); State v. White, 2007 VT 113, ¶ 11, 182 Vt. 510, 944 A.2d 203 (addressing retroactivity of Court's decision in collateral attack on criminal conviction and finding Vermont's test in harmony with Teague test). "The explicit overruling of an earlier holding no doubt creates a new rule." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (quotation omitted). I would not retroactively apply the holding of Bridger here.

¶ 23.    While I continue to believe that Bridger was wrongly decided, I acknowledge that a majority of the Court has adopted a standard that compels reversal here. Continuing to dissent in similar cases adds nothing to the debate and would serve only to interfere with the orderly operation of our docket by blocking resolution of Rule 11(f) cases by three-justice panels. I therefore concur in the judgment and will do so in similar cases unless a majority forms to depart from Bridger, as I hope that it will.

¶ 24.    I am authorized to state that Chief Justice Reiber joins this concurrence.

_____
Associate Justice

12