VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-042

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

In re Thomas Keeler\*

}  APPEALED FROM:
}  Superior Court, Orange Unit,
}  Civil Division
}  CASE NO. 38-3-18 Oecv
   Trial Judge: Robert R. Bent (Ret.)

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the civil division's order denying his petition for post-conviction relief (PCR).  We affirm.

In February 2017, petitioner was charged with driving with a suspended license and driving under the influence (DUI), third offense—test refusal.  At trial in November 2017, the State presented evidence that petitioner was seen driving a motor vehicle on U.S. Route 5 in Fairlee by an off-duty police officer who knew that petitioner's license was suspended.  The officer reported the incident to police dispatch and petitioner was stopped by a Vermont State Police trooper.  While the trooper was speaking to petitioner about his suspended license, the trooper noticed that petitioner's breath smelled of alcohol, his speech was slow and slurred, and his eyes were bloodshot and watery.  Petitioner told the trooper that he had been drinking whiskey the night before but had stopped at about 9 p.m. and had not had anything to drink that morning.  He said that the odor might be from his breakfast or the mouthwash he used.  The trooper observed a beer can behind the driver's seat.  The trooper testified that he was able to tell the difference between fresh and stale alcohol odor, and that the odor emanating from petitioner smelled fresh.  He asked petitioner to take a preliminary breath test, but petitioner refused.

The trooper then asked petitioner to move his car to a nearby parking lot.  Petitioner moved his car and had gotten out by the time the trooper parked nearby.  The trooper testified that he continued to smell alcohol when he approached petitioner, indicating that the odor came from petitioner and not the car.  He asked petitioner to perform some field sobriety tests. According to the trooper, petitioner exhibited strong indicators of impairment when he performed the horizontal-gaze-nystagmus (HGN) test.  He also had difficulty performing the walk-and-turn test; he was unable to walk heel-to-toe or in a straight line, took the incorrect number of steps, and repeatedly lost his balance.  The State showed a video recording from the trooper's cruiser that showed petitioner performing the walk-and-turn test.

The trooper testified that he took petitioner to the police barracks and advised him that if he refused to provide an evidentiary breath sample, he could be charged with criminal refusal. Petitioner refused to take the test, stating that he "would probably blow over an 08" because he had been drinking the night before.

At closing argument, defense counsel conceded that petitioner had been driving with a suspended license but argued that the trooper's request for an evidentiary test was unreasonable under the circumstances. The jury found petitioner guilty of both charges. Petitioner was sentenced to serve two-and-a-half-to-seven years as part of an agreement with the State that resolved other charges.

In March 2018, petitioner filed a PCR petition asserting that his defense attorney provided ineffective assistance at trial. The civil division conducted a bench trial in November 2021 at which the only witness was petitioner's expert. The expert opined that trial counsel's performance was deficient because she did not object to the arresting officer's statements that he was "very qualified to detect impairment" and could distinguish between the odors of stale and fresh alcohol; did not object to evidence of the HGN test performed by the officer; failed to introduce evidence of petitioner's osteoarthritis, which likely affected his performance on field sobriety tests; and failed to deliver an effective closing argument. The court found that the State's case was well-supported by the trooper's testimony and that trial counsel's alleged errors either did not fall below an objective standard of reasonableness or were not prejudicial to petitioner. It therefore denied the petition.

On appeal, petitioner argues that the PCR court erred in finding that he was not prejudiced by trial counsel's incompetent performance. "A motion for post-conviction relief requires the moving party to establish, by a preponderance of the evidence, that fundamental errors rendered his conviction defective." In re Liberty, 154 Vt. 643, 644 (1990) (mem.) (citing In re Mecier, 143 Vt. 23, 26 (1983)). "[A] petitioner seeking post-conviction relief based on ineffective assistance of counsel must demonstrate first that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms and second, that counsel's deficient performance prejudiced the defense." In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.) (quotation omitted). The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984). We will uphold the PCR court's findings if they "are supported by any credible evidence" and will likewise affirm its conclusions if they are reasonably supported by the findings. In re Grega, 2003 VT 77, ¶ 6, 175 Vt. 631 (citing State v. Bristol, 159 Vt. 334, 336 (1992)).

Petitioner challenges his conviction under 23 V.S.A. § 1201(b), which makes it a crime for a person who has a previous DUI conviction to refuse a law enforcement officer's request for an evidentiary test where the officer had reasonable grounds to believe the person was driving under the influence.[*] Petitioner does not dispute that he was driving a motor vehicle on a public highway, that he had two previous DUI convictions, and that he refused the trooper's request for an evidentiary breath test. His claim is that trial counsel erred in failing to make certain arguments that would have given the jury reason to doubt that the trooper had reasonable grounds for the request. "Reasonable grounds as used in [§ 1201(b)] equates to probable cause, which requires that the facts and circumstances known to an officer are sufficient to lead a

_____

[*] Petitioner does not challenge the conviction for driving with a suspended license.

2

reasonable person to believe that a crime was committed and that the suspect committed it." State v. Schapp, 2019 VT 27, ¶ 19, 210 Vt. 180 (quotation omitted).

Petitioner first argues that the PCR court erred in finding that counsel was not ineffective in failing to object to the trooper's testimony regarding petitioner's performance on the HGN test. In State v. Sarkisian-Kennedy, we held that because the reliability of the HGN test was not currently a settled proposition in the scientific community, HGN evidence is not admissible without expert testimony. 2020 VT 6, ¶ 29, 211 Vt. 390. Petitioner argues that competent counsel would have objected to the HGN testimony on this basis. However, as petitioner acknowledges, his trial took place over two years prior to our decision in Sarkisian-Kennedy. At that time, there was no controlling law governing the admissibility of HGN evidence in DUI cases, see id. (noting "split of authority" on issue), and our case law shows that defense attorneys had varying degrees of success in excluding it. Compare State v. Alzaga, 2019 VT 75, ¶ 7, 211 Vt. 111 (declining to decide whether trial court erred in admitting HGN evidence under Vermont Rule of Evidence 702 because any error was harmless), and State v. Wilt, 2014 VT 114, ¶ 14, 198 Vt. 1 (same), with State v. Mara, 2009 VT 96A, ¶ 5, 186 Vt. 389 (noting that trial court found HGN test evidence inadmissible). The general rule is that a defense attorney is not required to argue a point of law that is unsettled. See In re Kirby, 2012 VT 72, ¶ 13, 192 Vt. 640 ("Where the theory of law is untested or unsettled, counsel cannot be faulted for failing to raise every possible defense—this is both an unduly heavy and impractical burden."). Because the law in this area was unsettled in 2017, the court correctly concluded that trial counsel did not fall below a reasonable standard of professional competence in failing to object to the HGN evidence. See id. ¶ 10 (holding defense counsel's failure to raise multiplicity challenge to possession-of-child-pornography charges was not ineffective assistance because "the state of the law was in flux" at time of trial).

Petitioner next challenges the PCR court's determination that his trial counsel was not ineffective in failing to introduce evidence about his osteoarthritis and its potential effects on the field sobriety testing. We see no error in the court's conclusion. Petitioner presented no evidence, medical or otherwise, at the PCR hearing to show that he had osteoarthritis or how it could have affected his ability to perform the walk-and-turn test. Accordingly, he failed to prove the predicate to his argument, and the court did not err in rejecting it.

Petitioner further argues that the PCR court erred in failing to find that his counsel acted incompetently by not objecting to the trooper's statements that he could tell the difference between the odors of stale and fresh alcohol and that he was "extremely qualified" to detect impairment. Petitioner claims that the former statement was scientific evidence and the latter statement improperly suggested that the trooper was testifying as an expert. Therefore, he claims, counsel should have sought to exclude both statements under Vermont Rule of Evidence 702. We see no reason to disturb the court's decision on these issues. We have long held that "a lay person, on the basis of his personal observations, is competent to give his opinion as to the sobriety of an individual, because it takes no special scientific knowledge or training to recognize intoxication." State v. Rifkin, 140 Vt. 472, 476 (1981) (citation omitted). Accordingly, we cannot agree that counsel's performance fell below prevailing professional standards when she failed to object to the testimony about alcohol odor. Nor was it clearly unreasonable for her not to object to the trooper's opinion about his own qualifications, as it is not obvious that such an objection would have been sustained. The trooper testified that he had extensive training and experience in detecting alcohol impairment, including conducting thirty-to-thirty-five DUI investigations, thus laying a foundation for his opinion concerning his qualifications. But even if the statement should not have been admitted, the trial court found that

3

the statement was ancillary to the ultimate issue and was unlikely to have affected the outcome because of the ample evidence against petitioner that did not rely on the trooper's credibility, making its admission harmless error. These findings are not clearly erroneous and support the trial court's conclusion.

Finally, petitioner challenges the PCR court's determination that trial counsel's deficient closing argument did not affect the outcome of the trial. Petitioner's expert opined that trial counsel's brief closing argument fell below professional standards because she did not mention the presumption of innocence or burden of proof or ask that petitioner be found not guilty, and spent most of the time arguing that petitioner did not feel there were reasonable grounds for testing, which was not the applicable legal standard. The court agreed that the "closing argument lacked persuasive value and structure and fell below minimum standards." However, it found that the error did not prejudice petitioner because the jury was subsequently instructed on the relevant legal standards by the court and because the State's evidence against petitioner was strong. This conclusion is supported by the evidence, which included the trooper's testimony that petitioner smelled of alcohol, was slurring his speech, and had bloodshot and watery eyes; the trooper's observation of a beer can behind petitioner's seat; and the trooper's description of petitioner's very poor performance on the walk-and-turn test, which was corroborated by a cruiser video shown to the jury. This evidence was more than sufficient for the jury to conclude that the trooper had reasonable grounds to request an evidentiary test from petitioner. As the court found, a better closing argument was unlikely to have made a difference under these circumstances. Because the evidence supports the court's findings, and these findings support its conclusions, we decline to disturb the decision below.

Affirmed.


BY THE COURT:


Paul L. Reiber, Chief Justice


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice

4