NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 78

Nos. 2015-451, 2016-159, 2016-241 & 2016-277

| | |
|---|---|
| In re Kenneth Barber, Jr. | Supreme Court |
| In re Theodore C. Smith, Jr. | On Appeal from<br>Superior Court, Rutland Unit, |
| In re Danielle M. Rousseau | Civil Division |
| In re John Burke | March Term, 2018 |

Cortland Corsones, J. (motion for summary judgment); Mary Miles Teachout, J. (final judgment) (2015-451)
Mary Miles Teachout, J. (2016-159)
Michael J. Harris, J. (2016-241 and 2016-277)

Matthew F. Valerio, Defender General, and Dawn Matthews, Emily Tredeau and Seth Lipschutz, Prisoners' Rights Office, Montpelier, for Petitioners-Appellants.

Rosemary M. Kennedy, Rutland County State's Attorney, and John D.G. Waszak, Deputy State's Attorney, Rutland, and David Tartter, Deputy State's Attorney, Montpelier, for Respondent-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **EATON, J.** This case raises the question of whether this Court's decision in In re Bridger, 2017 VT 79, __ Vt. __, 176 A.3d 489, regarding the requirements of Vermont Rule of Criminal Procedure 11(f) is retroactive to cases already final on direct review. We conclude that Bridger announced a new criminal procedural rule and that the new rule does not apply to cases where direct review was concluded at the time Bridger was decided. Thus, in those cases, pending or future collateral proceedings must be evaluated under pre-Bridger standards. Under the then-existing standard, we affirm the decisions in In re Barber, In re Smith, and In re Burke, and reverse and remand the decision in In re Rousseau.

¶ 2.    The four petitioners in these consolidated appeals all pled guilty to criminal offenses between 2005 and 2013.  After the appeal period had passed, they initiated collateral challenges to their convictions by filing post-conviction relief (PCR) petitions and argued that the plea colloquies in their criminal cases did not comply with Rule 11(f).  The PCR courts denied their petitions and all petitioners appealed.  While the appeals of those petitions were pending, this Court decided In re Bridger, 2017 VT 79, holding that Rule 11(f) requires a plea colloquy to include the defendant's personal admission of the facts underlying the offense, that oral or written stipulations cannot satisfy the requirement, and that substantial compliance does not apply in determining whether the colloquy was satisfactory.  Petitioners seek to apply the Bridger decision to their cases.[1]

¶ 3.    The threshold question is whether Bridger applies retroactively to cases where direct review was over, but a collateral proceeding was pending.  At the outset, we recognize that Bridger itself was a collateral proceeding insofar as Bridger pled guilty and was sentenced in 2010 but did not challenge the adequacy of the plea until his PCR proceeding in 2015.  Nonetheless, this Court reached the substantive issue and applied the holding to Bridger.  Shortly thereafter, this Court applied Bridger to another pending collateral proceeding.  See In re Gabree, 2017 VT 84, ¶¶ 9-11, __ Vt. __, 176 A.3d 1113 (concluding that plea did not comply with Rule 11(f) because petitioner did not independently affirm factual basis as required by Bridger).  Retroactivity was not raised by the parties in either appeal and the majority decisions did not address it.[2]

_____

[1] On appeal, the State urges this Court to overrule Bridger and hold that Rule 11(f) requires the trial court to satisfy itself about the factual basis for the plea and does not require a personal admission by the defendant.  We decline the invitation.  Although this Court does not adhere to stare decisis at all costs, "neither do we lightly overturn recent precedent, especially where the precedent could be changed easily by legislation at any time."  O'Connor v. City of Rutland, 172 Vt. 570, 570, 772 A.2d 551, 552 (2001) (mem.).  The State does not present a reason not already addressed in Bridger.  Moreover, Bridger interpreted a procedural rule and it, like a statute, can be amended by a process independent of a change in this Court's case law.

[2] Although the dissent in Bridger and concurrence in Gabree raised retroactivity, neither majority opinion discussed the issue.  See Gabree, 2017 VT 84, ¶ 22 (Eaton, J., concurring) (urging majority to consider retroactivity as threshold matter); Bridger, 2017 VT 79, ¶ 60 (Eaton, J., dissenting) (noting that majority had not considered whether decision should apply retroactively).

2

¶ 4.     Several other PCR appeals, which contained Rule 11(f) challenges, were placed on waiting status pending resolution of the Bridger appeal.  After Bridger was decided, the parties filed supplemental briefing and the State argued that Bridger announced a new rule that should not be applied retroactively to these cases on collateral review.

¶ 5.     This Court has not directly addressed the question of how retroactivity should be resolved for cases on PCR review.  The U.S. Supreme Court has held that the prospective or retroactive effect of a decision is a "threshold question" that should be decided at the time of the decision.  Teague v. Lane, 489 U.S. 288, 300 (1989).  The Court explained that failure to address the issue initially may jeopardize "evenhanded justice" because the holding would not be applied to all similarly situated individuals.  Id.

¶ 6.     We agree that rather than waiting for a subsequent case in which to determine the scope of a rule's effect, retroactivity should be determined as a threshold matter, even if not specifically raised by the parties, and now adopt that procedure.  Unfortunately, having not adopted this framework prior to Bridger, this Court did not reach the question at that time and now risks uneven application of the law, which the threshold determination is meant to preclude.  Nonetheless, having now adopted this process, we turn to the question of Bridger's retroactive application.

## I.  Retroactive Application

¶ 7.     The "general rule [is] that judicial decisions are applied retroactively."  Am. Trucking Ass'ns v. Conway, 152 Vt. 363, 377, 566 A.2d 1323, 1332 (1989).  However, this is not always the case when a new rule of law is announced.  Several decades ago this Court adopted the common law rule that a change in the law will be given effect to cases on direct review.  State v. Shattuck, 141 Vt. 523, 529, 450 A.2d 1122, 1125 (1982).  Subsequently, this Court more precisely defined the bounds of retroactivity, explaining that our rule "does not differ in any significant

3

respect from the federal rule."[3]  State v. White, 2007 VT 113, ¶ 11, 182 Vt. 510, 944 A.2d 203.  In

Teague v. Lane, 489 U.S. 288 (1989), and its progeny, the U.S. Supreme Court "laid out the

framework to be used in determining whether a rule announced in one of [its] opinions should be

applied retroactively to judgments in criminal cases that are already final on direct review."

Whorton v. Bockting, 549 U.S. 406, 416 (2007).  Under Teague a new rule of criminal procedure

is not applied to cases that are final before the new rule is announced unless one of two exceptions

applies: (1) the decision is substantive; or (2) the decision is "a watershed rule of criminal procedure

implicating the fundamental fairness and accuracy of the criminal proceeding."  Id. (quotation and

alteration omitted).  The Supreme Court was persuaded that applying "rules not in existence at the

time a conviction became final seriously undermines the principle of finality which is essential to

the operation of our criminal justice system."  Teague, 489 U.S. at 309 (plurality opinion).  This

Court has agreed, explaining that "[t]o ensure some finality in criminal cases, we typically apply []

new rules retroactively only to cases on direct review, rather than allow endless collateral attacks

on convictions or sentences as new rules emerge, despite courts' compliance with the constitutional

standards of the day."  White, 2007 VT 113, ¶ 9.  Therefore, unless an exception applies, for cases

on collateral review, the standard that applied at the time of the original proceeding prevails.

Teague, 489 U.S. at 306.

¶ 8.    The issue of retroactivity was not raised in the trial court because the appeals in these

PCR matters were pending at the time that Bridger was decided.  Nonetheless, because retroactivity

is a question of law to which our review "is nondeferential and plenary," we address it for the first

time on appeal.  White, 2007 VT 113, ¶ 5.  As explained more fully below, we hold that two of

---

[3]  On appeal, petitioners urge this Court to adopt a rule on retroactivity broader than that used by the U.S. Supreme Court.  We acknowledge that we are not bound by federal retroactivity principles in determining what remedies are available in state PCR proceedings.  See Danforth v. Minnesota, 552 U.S. 264, 278-79 (2008) (holding that states can adopt their own rules about retroactivity as matter of procedure).  Although we do not foreclose the possibility that there may arise a situation where we define retroactivity differently than the U.S. Supreme Court, in this case, we are not persuaded that any reason exists to apply a different standard.

Bridger's three central holdings do not apply to these collateral proceedings because they are new rules to which the exceptions to nonretroactivity are inapplicable.

## A. New Rule

¶ 9. Retroactivity depends foremost on whether a new rule of law was announced. Shattuck, 141 Vt. at 528, 450 A.2d at 1124. "For purposes of the retroactivity test, a new rule is one that overrules or significantly alters a prior decision." White, 2007 VT 113, ¶ 9 (citing Teague, 489 U.S. at 301). Although the U.S. Supreme Court has recognized that it can be "difficult to determine when a case announces a new rule," the Court has specified that a new rule results when either "a new obligation" is imposed on the state or federal government or when "the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301. In addition, " '[t]he explicit overruling of an earlier holding no doubt creates a new rule.' " Whorton, 549 U.S. at 407 (quoting Saffle v. Parks, 494 U.S. 484, 488 (1990)). The Court has further explained that retroactivity of a new rule refers "is not [about] the temporal scope of a newly announced right, but whether a violation of the right that occurred prior to the announcement of the new rule will entitle a criminal defendant to the relief sought." Danforth v. Minnesota, 552 U.S. 264, 271 (2008).

¶ 10. In assessing whether Bridger announced a new rule, the first step is identifying the rule of Bridger. Bridger contained three main holdings regarding the sufficiency of a plea colloquy under Rule 11(f): (1) defendant must personally make an admission of the facts underlying the charge, Bridger, 2017 VT 79, ¶ 21; (2) oral or written stipulations or waivers cannot substitute for an oral admission by defendant, id. ¶ 19; and (3) substantial compliance does not apply to Rule 11(f) challenges, id. ¶ 20.

¶ 11. We conclude that Bridger did not establish a new rule with respect to its first holding. Existing precedent interpreting Rule 11(f) required a recitation of the facts underlying the charges and some admission or acknowledgement by defendant of those facts. See Bridger, 2017 VT 79, ¶ 14 (setting forth case law around Rule 11(f)). As Bridger explained, the sole deviation from that

5

rule was State v. Whitney, 156 Vt. 301, 303, 591 A.2d 388, 389 (1991), in which this Court concluded that Rule 11(f) was satisfied when the police affidavit was supplied to both the court and the defendant. This holding was, however, specifically modified in State v.Yates, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999), which clarified that although an affidavit may provide the facts, "the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis." Id. at 27, 726 A.2d at 488. Certainly, the dissent in Bridger argued for a different interpretation of Rule 11(f) more consistent with federal case law, but that was not the prevailing Vermont rule prior to Bridger.

¶ 12. There was, however, considerable nonuniformity about how defendant's affirmance of those facts could be obtained. Existing case law at the time of Bridger's plea colloquy supported the trial court's decision that a defendant's oral or written stipulation to the facts could support compliance with Rule 11(f). See State v. Cleary, 2003 VT 9, ¶ 15, 175 Vt. 142, 824 A.2d 509 (ruling that Rule 11(f) could be satisfied by defendant's stipulation to facts). Although some cases after Cleary used a more rigorous standard, Cleary was not overruled until Bridger. A majority of the Court in Bridger acknowledged that the trial court's decision was consistent with existing case law insofar as this was recognized by the concurring Justice and the two dissenting Justices. Bridger, 2017 VT 79, ¶ 28 (Dooley, J., concurring); id. ¶ 59 (Eaton, J., dissenting) (explaining how trial court decision was supported by existing case law). Thus, we conclude that Bridger established a new rule for purposes of the retroactivity test on the question of whether oral or written stipulations or waivers could satisfy the factual basis requirement of Rule 11(f) because the Bridger holding was not "dictated" by prior precedent. See Whorton, 549 U.S. at 416 (explaining that rule is new if it is inconsistent with prior precedent).

¶ 13. Similarly, Bridger's holding that substantial compliance does not apply to evaluating claims under Rule 11(f) was a new rule because it was not dictated by existing precedent and

6

required overruling prior case law.[4]  The majority itself recognized that this Court's prior cases were not uniform on the question of whether substantial compliance applied in Rule 11(f) cases and explicitly overruled prior case law that allowed such application.  Bridger, 2017 VT 79, ¶ 20.

¶ 14.    Petitioners argue that, even if Bridger clarified the status of the law, it was not a new law for purposes of retroactivity.  Petitioners' arguments are not persuasive.  Petitioners first rely on Ex parte Evans, 537 S.W.3d 109 (Tex. Crim. App. 2017), in which a concurring opinion concluded that there was a new rule, but it should apply retroactively because the new rule had at one time been the established rule and the change was announced in a collateral review case.  Id. at 112 (Keller, J., concurring).  This reasoning, advocated by the concurrence and not even adopted by the majority, does not support petitioners' argument that there is not a new rule when there is conflict in the law; the concurrence recognized that a new rule was created, but instead advocated for an exception to the application of retroactivity.  Further, even if we were persuaded by the reasoning of this case, it is not applicable on the facts because the new rules identified in Bridger were not at one time the established law.

¶ 15.    Petitioners also support their argument by citing State v. Brown, 165 Vt. 79, 82-83, 676 A.2d 350, 353 (1996), in which this Court held that its prior decision in State v. DeRosa, 161 Vt. 78, 633 A.2d 277 (1993), did not establish a new rule, but interpreted a statute for the first time. In contrast to Brown, Bridger did not interpret a statute for the first time.  See White, 2007 VT 113,

---

[4]  We acknowledge that our cases have not clearly defined the substantial compliance standard.  See Bridger, 2017 VT 79, ¶ 21 (describing substantial compliance standard as "vague"); id. ¶ 51 (Eaton, J., dissenting) (acknowledging that "confusion exists concerning 'substantial compliance' " and that it "makes little sense in the context of Rule 11(f)").  It is not necessary at this point to define what that standard meant prior to Bridger, but we do observe that it often was used to affirm colloquies where from the totality of the circumstances, often a waiver by defendant or defendant's attorney, there was evidence that defendant had agreed there was a factual basis for all of the essential elements of the charge underlying the plea.  See State v. Marku, 2004 VT 31, ¶ 24, 176 Vt. 607, 850 A.2d 993 (mem.) (concluding court substantially complied with the Rule 11(f) requirements where defendant's attorney stipulated there was prima facie case); Cleary, 2003 VT 9, ¶ 29 (concluding that defendant's stipulation to facts demonstrated substantial compliance with Rule 11(f)); State v. Riefenstahl, 172 Vt. 597, 599, 779 A.2d 675, 678 (2001) (mem.) (concluding that there was substantial compliance with Rule 11(f) where trial court relied on affidavit of probable cause and defense counsel agreed).

¶ 9 ("[W]hen a decision interprets a statute for the first time, it does not establish a new rule but merely clarifies and enforces prior law."). Bridger was construing the language of Rule 11(f), a rule that has been construed by this Court many times. Bridger changed the law in two ways regarding the interpretation of the rule.

¶ 16. As set forth above, given that two of the holdings in Bridger were inconsistent with some existing precedent and that one of those holdings required overruling prior cases, we conclude that Bridger established a new rule on these two points for purposes of retroactivity.

### B. Exceptions

¶ 17. Having concluded that Bridger established a new rule, we turn to the question of whether one of the two exceptions applies. The exceptions allow retroactive application if the rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," Teague, 489 U.S. at 311 (plurality opinion) (quotation omitted), or (2) is a "watershed rule[] of criminal procedure," id.

¶ 18. The first exception plainly does not apply in this situation. The new rules announced in Bridger do not decriminalize a class of conduct or prohibit imposition of a category of punishment on a certain class of defendants. See Saffle, 494 U.S. at 494-95 (explaining bounds of exceptions to retroactivity). The Bridger holding establishes how the trial court ensures that a plea complies with Rule 11(f)'s requirement regarding the factual basis for the plea. It is about the proper procedure to be followed during the plea colloquy and does not alter the conduct that is criminal or the range of punishment applicable. See White, 2007 VT 113, ¶ 12 (holding that prior decision was procedural because it addressed "manner in which a defendant's sentence is determined" and not range of punishment or conduct considered criminal).

¶ 19. The second exception for watershed rules is also inapplicable. The U.S. Supreme Court has stated that "[t]his exception is extremely narrow." Whorton, 549 U.S. at 417 (quotation omitted). To apply, a new rule must "be necessary to prevent an impermissibly large risk of an inaccurate conviction" and must "alter our understanding of the bedrock procedural elements

essential to the fairness of a proceeding." Id. at 418 (quotations omitted). Petitioners argue that Bridger is such a watershed rule because it is necessary to guaranteeing a voluntary plea. We conclude that the new rules announced in Bridger do not rise to the level of watershed rules. The Bridger procedure is not mandated by constitutional requirements. Certainly, Rule 11(f)'s requirement that there be a "factual basis for the plea," V.R.Cr.P. 11(f), is linked to the voluntariness of the plea. See Bridger, 2017 VT 79, ¶ 16 (explaining that factual basis is linked to defendant's understanding of law and facts, which is part of voluntariness). However, as the U.S. Supreme Court has recognized, the exact procedures of Rule 11(f) are not constitutionally mandated. See McCarthy v. United States, 394 U.S. 459, 465 (1969) (explaining that procedures of Rule 11 are not constitutionally mandated; they assist judge "in making the constitutionally required determination that a defendant's guilty plea is truly voluntary"); see also Loftis v. Almager, 704 F.3d 645, 648 (9th Cir. 2012) (explaining that Federal Rule of Criminal Procedure 11 includes safeguards not required by U.S. Constitution and "Constitution does not require state judges to find a factual basis").

¶ 20.     Moreover, the Bridger requirement that the defendant personally acknowledge the factual basis is itself broader than the requirement of the equivalent federal rule, see Bridger, 2017 VT 79, ¶ 22 n.5 (acknowledging that federal rule does not require personal admission by defendant), so Bridger's holding that the factual basis cannot be satisfied by oral or written stipulation is even more exacting than the federal standard. Therefore, because Bridger explains the procedure for complying with Rule 11(f) and the procedure it sets forth could be revised by amendment of that rule, it does not establish a watershed rule, which would exempt its application from nonretroactivity. See White, 2007 VT 113, ¶ 15 (holding that prior decision was not "watershed rule of criminal procedure" in part because rule could be altered by legislative amendment).

C.  Pleas by Waiver and No-Contest Pleas

¶ 21.     The fact that Bridger's standards were based on an interpretation of the rule language and not constitutionally required leads to two additional important clarifications about how its

9

holding impacts both pleas by waiver and no-contest pleas. The short answer is that because Bridger was about the procedures required by Rule 11(f) and not mandated by constitutional protections, it did not limit the scope of procedures in other rules.

¶ 22. Commonly referred to as pleas by waiver, Vermont Rule of Criminal Procedure 43(c)(2) states that a defendant need not be present in a misdemeanor prosecution to enter a plea when the defendant has waived appearance in writing and other requirements are met. In Bridger the dissent questioned whether pleas by waiver were consistent with the majority's interpretation of Rule 11(f), which required that only a direct colloquy with the defendant would satisfy the rule. Bridger, 2017 VT 79, ¶ 48 (Eaton, J., dissenting). The majority clarified that there was no inconsistency because Rule 11(f) was not applicable to Rule 43(c)(2) cases in which the in-person requirement had been waived. Id. ¶ 23 n.6. We reaffirm that holding today. Rule 43(c)(2) allows a court to accept pleas in misdemeanor cases when the defendant is not present but has submitted a written waiver. See In re Manosh, 2014 VT 95, ¶ 16, 197 Vt. 424, 108 A.3d 212 (explaining that "Rule 43(c)(2) only authorizes a court to accept a plea without personally addressing a defendant in open court pursuant to Rule 11 when a case meets the Rule 43 requirements—including the requirement that defendant waive presence in court"). This allowance is not in conflict with the Bridger interpretation of Rule 11(f), which states that in cases where the defendant is present there must a personal colloquy with the defendant regarding the factual basis for the plea. We note that unlike Rule 11(c) and (d), Rule 11(f) does not mention Rule 43. For clarity, the Advisory Committee on the Rules of Criminal Procedure should consider whether a similar cross reference in Rule 11(f) would be helpful.

¶ 23. Rule 11(b) allows a defendant to plead no-contest or "nolo contendere," but "only with the consent of the court." Rule 11(f) is not applicable in cases where a defendant pleads nolo contendere because it states that the factual basis requirement is required prior to accepting "a plea of guilty." See Reporter's Notes, V.R.Cr.P. 11 (stating that its "requirement of a factual inquiry does not apply to pleas of nolo contendere"); State v. Peck, 149 Vt. 617, 622, 547 A.2d 1329, 1332

(1988) (recognizing that "a nolo contendere plea does not require a factual inquiry"). The acceptance of a nolo contendere in any case remains within the discretion of the court. V.R.Cr.P 11(b).[5]

## II. Application to Facts

¶ 24.    Having concluded that the new rules announced in Bridger do not apply to these cases, in which collateral challenges were pending at the time Bridger was decided, we consider whether, under the law as it existed at the time, the petitioners in these consolidated appeals were entitled to PCR relief. In all four cases, the PCR court granted summary judgment to the State, concluding that there was substantial compliance with Rule 11(f).[6] On appeal, we review each summary judgment decision de novo and will grant summary judgment if there are no disputed material facts and the movant is entitled to judgment as a matter of law. V.R.C.P. 56(a); In re Brown, 2015 VT 107, ¶ 9, 200 Vt. 116, 129 A.3d 102.

---

[5] Because it is not raised in this case, we need not and do not address the question of whether a defendant could enter a guilty plea while refusing to admit the underlying facts consistent with the U.S. Supreme Court's holding in North Carolina v. Alford, 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). We note that our statutes and case law contemplate the opportunity to enter an Alford plea. 13 V.S.A. § 5401(15)(A) (recognizing Alford plea as means of conviction); State v. Parker, 149 Vt. 393, 408, 545 A.2d 512, 522 (1988) (recognizing that continued protestations of innocence do not, per se, prevent court from finding guilty plea is voluntarily made); see Reporter's Notes, V.R.Cr.P. 11 (explaining that "[i]f the defendant pleads guilty but protests his innocence, the court should treat the plea as one of nolo contendere and accept or reject it in accordance with the provisions of Rule 11(b)").

[6] In all four cases, the petitioners signed a waiver-of-rights form, agreeing that they were aware of the evidence supporting the charge and admitting the essential part of the offense. We do not rely on the signed waivers in analyzing the cases and therefore do not repeat this fact in the recitation of each case. Evaluating compliance with Rule 11(f) stems from examining the colloquy between the court and the defendant at the change-of-plea hearing. See Yates, 169 Vt. at 24, 726 A.2d at 486 (explaining that factual basis for plea consists of facts admitted during proceeding when plea is entered). Absent an exchange between the court and the defendant confirming that defendant waives the factual basis, the fact of the existence of the waivers is not in itself relevant to whether Rule 11(f) was satisfied, even before Bridger.

### A. In re Kenneth Barber, Jr.

¶ 25. Petitioner Barber pleaded guilty to second-degree murder in September 2005. At the change-of-plea hearing, petitioner's counsel informed the court that defendant stipulated that there was a factual basis as outlined in the supplemental affidavit. The court addressed petitioner setting forth the terms of the plea agreement, and the rights defendant was waiving by pleading guilty. Petitioner acknowledged that he understood and was waiving his rights.

¶ 26. The following interchange took place between the court and petitioner:

> THE COURT: The information as amended charges that on June 10th of 2003, you did then and there, um, that's at Benson, unlawfully kill another human being and that is [the victim] by striking him on the head with a hammer and strangling him with a belt with wanton disregard of the likelihood that your behavior would naturally cause death or bodily or great bodily harm and do you understand that the maximum penalty for that offense is a term of imprisonment for life and for a minimum of 20 years, um, subject to aggravating factors for which the minimum term can be up to life without parole or mitigating factors for which the minimum term can be not less than 10 years and that's pursuant to law. Do you understand that?
>
> [PETITIONER BARBER]: Yes.

¶ 27. The court invited the state's attorney to state the factual basis for the elements and the prosecutor provided a lengthy and detailed explanation of the crime. Petitioner's counsel consulted with him and made one clarification to the factual summary. The court then reviewed the facts and petitioner answered affirmatively when the court inquired whether petitioner agreed it was his signature on a waiver-of-rights form petitioner had signed.

¶ 28. Petitioner filed a PCR petition, claiming that the colloquy was insufficient because the court did not specifically ask defendant whether he admitted the facts. He argues that his written waiver and his attorney's verbal waiver of a factual basis were not sufficient to comply with Rule 11(f).

¶ 29. The PCR court granted summary judgment to the State. The court explained that a defendant's assent to the factual basis for a plea could be demonstrated in a variety of ways, including by stipulation or assent to the prosecutor's recitation of facts. The PCR court concluded

12

petitioner had sufficiently assented to the presence of a factual basis in this case and therefore there was substantial compliance with Rule 11(f) because there was "no concern present that defendant was making a false guilty plea; did not understand the factual basis or the elements of the charge; or did not recognize a defense to the charge."

¶ 30. On appeal, petitioner argues that the Rule 11(f) was not followed because at the change-of-plea hearing he did not personally admit to the truth of the facts underlying the plea. As set forth above, in evaluating petitioner's claims, we do not consider the two changes in the law announced in Bridger.

¶ 31. We do not reach the question of whether there was substantial compliance in this case as found by the PCR court because we conclude that under pre-Bridger law the stipulations of defendant's attorney satisfied Rule 11(f) and provided a factual basis for the charge. See Cleary, 2003 VT 9, ¶¶ 29-30 (concluding that there was compliance with Rule 11(f) where defendant's attorney stipulated to facts). Therefore, we affirm the court's order granting summary judgment to the State.

### B. In re Theodore C. Smith, Jr.

¶ 32. Petitioner Smith pled guilty to aggravated assault in September 2010. The affidavit supporting the charge recounted that petitioner had stabbed the victim on his neck and torso. He filed a PCR petition in 2015, alleging that during the plea colloquy the court did not sufficiently establish a factual basis. The State moved for summary judgment. During the plea colloquy, the court explained the elements of aggravated assault with a weapon and the maximum penalty for the charge and petitioner indicated that he understood. The court then had the following exchange with petitioner:

> THE COURT: . . . do you admit that on January 23rd of 2010 at Rutland, you knowingly caused bodily injury to another, that being [the victim], with a deadly weapon?
>
> [Petitioner Smith]: Yes.

¶ 33. The PCR court granted summary judgment to the State. The PCR court concluded that the colloquy with petitioner was sufficient to establish a factual basis because petitioner, when asked by the court, admitted the facts of the charge. The PCR court explained that even though the court's recitation was brief, the facts were not complicated and did not require more.

¶ 34. We agree with the PCR court that the colloquy complied with Rule 11(f). In fact, we would reach this conclusion even if the post-Bridger standard applied. The trial court recited the essential facts of the charge and defendant personally admitted that those facts were true. Although the court's explanation was not an overly detailed recitation of all of the facts in the information, the charge was not complex and the facts set forth established all of the elements of the crime. Under these circumstances, we conclude that the colloquy complied with Rule 11(f).

## C. In re Danielle M. Rousseau

¶ 35. Petitioner Rousseau pled guilty in 2005 to possession of heroin. In 2016, petitioner filed a PCR petition. She alleged that the plea colloquy did not make a sufficient inquiry into the factual basis for the plea. The State moved for summary judgment. The undisputed facts demonstrated the following. At the plea colloquy, the trial court read the information, explaining that petitioner was charged with possessing more than two grams of heroin. The court also informed petitioner of the maximum penalty and petitioner indicated that she understood. The trial court and petitioner then had the following exchange:

> THE COURT: If this case did go to trial, based on the information in the police officer's affidavit, do you admit that a court or a jury could find you guilty of the elements of the offense beyond a reasonable doubt?
>
> [Petitioner Rousseau]: Yup.
>
> THE COURT: And to the offense, what is your plea?
>
> [Petitioner Rousseau]: Guilty.

The PCR court concluded that there was substantial compliance with Rule 11(f) and petitioner appealed.

14

¶ 36. We conclude that the plea colloquy was insufficient in this case. As explained above, Bridger's holding that the defendant must personally admit to the facts supporting the charge is not new law. See Yates, 169 Vt. at 24, 726 A.2d at 486 (stating that "the factual basis for the plea may consist only of facts that defendant has admitted during the proceedings at which the plea is entered"). Here, petitioner Rousseau acknowledged that a court could find her guilty, but made no admission concerning the facts.[7] Therefore, the requirements of Rule 11(f) were not met and we must reverse and remand.

## D. In re John Burke

¶ 37. In 2013, petitioner pled guilty to aggravated domestic assault. In 2016, he filed a PCR petition alleging that the trial court failed to make a sufficient inquiry into the factual basis for the charge and did not comply with Rule 11(f). Both petitioner and the State filed motions for summary judgment. The undisputed facts demonstrated that at the change-of-plea hearing, the court engaged petitioner in the following colloquy:

> THE COURT: Do you admit that on March 21st, 2013 at Rutland you recklessly caused bodily injury to a family member, [victim], by let's see—
>
> [State's attorney]: He hit her with his fist, Your Honor.
>
> THE COURT: —of grabbing—let's see, it says grabbing her by the throat, slamming her against a wall.
>
> [State's attorney]: It could be, prior to that she says he came after me, started to hit me with his fists, then at another point grabbed her by the throat and slammed her against the wall.
>
> THE COURT: Okay. And you had a prior conviction for aggravated domestic assault on, two—on April 29th, 1998 and December 10th, 2003. Do you admit those facts?
>
> [Petitioner Burke]: Yes, ma'am.

---

[7] As explained above, petitioner's written waiver admitting that there was a factual basis was not sufficient to satisfy Rule 11(f) without some colloquy between the court and petitioner affirming that waiver at the change-of-plea hearing.

15

The PCR court granted summary judgment to the State, concluding that the plea colloquy substantially complied with Rule 11(f).

¶ 38. On appeal, petitioner argues that the colloquy was insufficient because given the interruptions by the state's attorney, it is not clear from the record whether petitioner was admitting only to having a prior conviction or to the full recitation of the facts. Rule 11(f) requires an inquiry into whether defendant understands "the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." Yates, 169 Vt. at 24, 726 A.2d at 486. The transcript reveals that the court made such an inquiry in this case. The court laid out the elements of the offense and the facts that were related to those elements. In response, petitioner responded that he admitted those facts. The state's attorney's interjections to supplement the court's factual summary does not undermine the court's conversation with petitioner or the result that petitioner was given a recitation of the facts and admitted them. Therefore, we conclude that there was compliance with Rule 11(f), even under Bridger, and affirm.

The decisions in In re Barber, In re Smith, and In re Burke are all affirmed. The decision in In re Rousseau is reversed and remanded.

FOR THE COURT:

_____
Associate Justice

¶ 39. **SKOGLUND, J., concurring.** This Court has long interpreted Vermont Rule of Criminal Procedure 11(f) to require defendant during the plea colloquy to personally admit to the facts for all elements of the underlying charge. See State v. Yates, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999) (stating that Rule 11(f) requires colloquy with defendant in which defendant "admit[s] to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis"); In re Dunham, 144 Vt. 444, 451, 479 A.2d 144, 148 (1984) (explaining that to comply with Rule 11 there must be factual basis for all elements of charge and court must engage in conversation with defendant to ascertain defendant's understanding "that the conduct admitted violates the law as

16

explained to him by the court"). For this reason, I wholly concur with the majority that no new law was forged when In re Bridger, 2017 VT 79, __ Vt. __, 176 A.3d 489, recited that a defendant must personally admit to facts supporting all elements of the charge. This was and is our law.

¶ 40. I am much less enthusiastic about the majority's conclusion that Bridger contained two additional holdings—that a written or oral waiver is insufficient, and that substantial compliance is not the proper standard—and that these are new law. I am reluctant to describe these as holdings because Bridger did little more than reaffirm what had been previously held. As to waiver, it has been our law since at least In re Manosh, 2014 VT 95, 197 Vt. 424, 108 A.3d 212, that a written waiver will not satisfy the colloquy required under Rule 11(f). Moreover, when presented with oral stipulations, we held prior to Bridger that it is insufficient under Rule 11(f) for a defendant to simply agree that the charging affidavit provides a factual basis for the plea. See Yates, 169 Vt. at 27, 726 A.2d at 488 (explaining that although affidavit may be source of facts, defendant must admit to those facts to provide factual basis). As to substantial compliance, our pre-Bridger law rejected the notion that prejudice must be demonstrated to state a violation of Rule 11(f) or that anything short of full compliance—that is the defendant's personal acknowledgement—can satisfy the rule. See Dunham, 144 Vt. at 451 n.*, 479 A.2d at 148 n.* (stating that "we will not look to the totality of the plea change hearing for substantial compliance with Rule 11 when there is a collateral challenge for lack of compliance with Rule 11(f)"); see also In re Miller, 2009 VT 36, ¶ 9, 185 Vt. 550, 975 A.2d 1226 ("It is settled law in this state that no prejudice need be shown to collaterally attack a guilty plea on the grounds that the trial court failed to ascertain that there was a factual basis for the plea as required by Rule 11(f)."). Therefore, Bridger's recitation of these principles was certainly not "new" in the sense that they were unknown to our case law.

¶ 41. Nonetheless, given that some of our case law contained contradictory or confusing statements of the law and that Bridger clarified and even overruled those cases, I reluctantly agree that these holdings are "new" for purposes of retroactivity. See Bridger, 2017 VT 79, ¶ 16

17

(clarifying that affidavit may be source of facts for plea, but cannot alone establish factual basis), id. ¶ 20 (overruling cases that applied substantial compliance to Rule 11(f) claims).  For this reason, I concur in the majority's resolution.

_____
Associate Justice