*Lewis v. State*, No. 306-3-17 Cncv (Toor, J., Feb. 5, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No. 306-3-17 Cncv |

---

Lewis vs. State of Vermont

---

## ENTRY REGARDING MOTION

Count 1, Post Conviction Relief (306-3-17 Cncv)

Title:          Motion for Summary Judgment (Motion 13)
Filer:          Michael Lewis
Attorney:    William W. Cobb
Filed Date:  August 13, 2018

Opposition filed on 10/12/2018 by Attorney Pamela L. Hall Johnson for Respondent State
Reply filed on 12/11/2018 by Attorney William W. Cobb for Petitioner Michael Lewis

This is a post-conviction (PCR) claim seeking to challenge three predicate convictions which supported a habitual offender sentence. Petitioner Lewis moves for summary judgment.

### Relevant Undisputed Facts

Lewis pleaded guilty in 2009 to several crimes, including two charges of involuntary manslaughter. Pursuant to a plea agreement, he was sentenced as a habitual offender with a maximum term of life. The habitual offender sentence applied because of four prior felonies from 2004-2007. Lewis now challenges three of those four predicates.[1]

---

[1] In addition, Lewis argues that his 2009 plea was faulty based upon an improper Rule 11 colloquy. This issue was just raised in the Second Amended Petition and will not be addressed in this ruling.

The three pleas in question are for Escape in 2354-5-04 Cncr (July 2004), False Pretenses in 4672-9-04 Cncr (June 2005), and Escape in 3129-7-06 Cncr (February 2007).[2]

For the first Escape plea, the charge was that Lewis had not returned to the correctional facility as required by his furlough conditions. The judge did not ask Lewis directly whether he agreed with the facts alleged. However, in a conversational discussion Lewis acknowledged that he hadn't "been reporting" and hadn't "been in contact." July 15, 2004 Tr. at 6. The judge said: "you should have been back, right?" Lewis responded: "True." Id. at 7. He later explained that he felt he wasn't getting enough help for his drug problem and "that's sort of why I stepped away this time." Id. at 9. He added: "It's not my excuse, but it's the reason that I had in my head. That's the reason why I stepped away." Id.

The plea to False Pretenses was based upon a charge of knowingly cashing a stolen check for over $25.00 at a bank. June 24, 2005 Tr. at 5. The judge first asked how Lewis wished to plead, and Lewis said "I plead Guilty, Your Honor." The judge then read the charge and asked: "Are those all facts to which you plead guilty today?" Lewis responded: "They are, sir." The judge than asked defense counsel if there was a prima facie case, and she stated: "Yes, so stipulated, Your Honor." Id.

The later Escape charge was described by the judge as follows: "The furlough order . . . required you to be home . . . during certain hours and you intentionally failed to return home when you were supposed to." Feb. 16, 2007 Tr. at 9. The judge then asked nothing further about the facts other than asking whether Lewis understood what the State would

---

[2] The 2007 plea is at times referred to in the filings as a 2008 plea. The plea occurred in February 2007, but the sentencing did not occur until February 2008.

have to prove. Lewis said he did understand that. The judge did not ask whether Lewis agreed the allegations were true, and counsel offered no stipulation.

## Conclusions of Law

Lewis seeks to challenge the validity of three of the four prior convictions used as predicates here. The State first argues that these challenges were waived by the 2009 guilty plea. The court rejects this argument for the reasons set forth in In re Benoit, Docket No. 930-10-17 Cncv (Feb. 4, 2019)(Toor, J.)(copy attached). The court concludes that Lewis may raise his Rule 11 challenges to the prior convictions in this PCR matter.

The court begins by noting that because the challenged pleas predate the Bridger case, the strict requirement of a direct admission of each necessary fact by the defendant was not required. *See* In re Barber, 2018 VT 78, ¶ 13 ("Bridger's holding that substantial compliance does not apply to evaluating claims under Rule 11(f) was a new rule. . ."); In re Bridger, 2017 VT 79. Thus, although "[e]xisting precedent interpreting Rule 11(f) required a recitation of the facts underlying the charges and some admission or acknowledgement by defendant of those facts," Barber at ¶ 11, "substantial compliance" with that requirement was allowed. Id. ¶ 13. The court will address each of the three predicate convictions separately.

## July 15, 2004 Escape Plea: 2354-5-04 Cncr

At the plea hearing on the 2004 charge, the judge never expressly asked Lewis whether he agreed to the facts underlying the charge. However, it is clear from the record that Lewis was admitting that he was on furlough and failed to return when he was supposed to. This was sufficient under the "substantial compliance" standard.

3

<u>June 24, 2005 False Pretenses Plea: 4672-9-04 Cncr</u>

The false pretenses charge was that Lewis had knowingly cashed a stolen check for more than $25.00. The judge first asked how Lewis wished to plead, and Lewis said "I plead guilty, your honor." Tr. at 4. The judge then read the facts of the charge and asked: "Are those all facts to which you plead guilty today?" <u>Id</u>. at 4-5. Lewis responded: "They are, sir." <u>Id</u>. at 5. Defense counsel then stated that it was stipulated that there was a prima facie case. <u>Id</u>. Under pre-<u>Bridger</u> law, counsel's stipulation was sufficient. <u>Barber</u>, 2018 VT 78, ¶ 12 ("Existing case law at the time of <u>Bridger's</u> plea colloquy supported the trial court's decision that a defendant's oral or written stipulation to the facts could support compliance with Rule 11(f)."). Moreover, in the context of having just asked if Lewis was pleading guilty, it was clear that the subsequent question about the facts was a different question—however poorly stated—relating to whether Lewis admitted those facts. The plea was sufficient.

<u>February 22, 2007 Escape Plea: 3129-7-06 Cncr</u>

The 2007 plea to escape, however, is insufficient. All the judge asked was whether Lewis understood what the charge was "all about" and what the State would have to prove. Tr. at 4, 9. He failed to ask Lewis anything at all, whether directly or indirectly, about the accuracy of the allegations. Nor was there any stipulation from counsel as to the facts.

<u>Order</u>

Lewis's motion for summary judgment is granted as to the 2007 plea in Docket 3129-7-06 but is otherwise denied.

Dated at Burlington this 5th day of February, 2019.

_____
Helen M. Toor
Superior Court Judge

4

Notifications:

Pamela L. Hall Johnson (ERN 4017), Attorney for Respondent State of Vermont

William W. Cobb (ERN 3396), Attorney for Petitioner Michael Lewis